UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4501

JAMES CLARK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-01-445)

Submitted: February 27, 2003

Decided: March 14, 2003

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Justin W. Williams, Assistant United States Attorney, Dennis M. Kennedy, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Clark was convicted of unauthorized use of access devices and possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) and § 1029 (a)(3) (2000), respectively. He was sentenced to forty-six months of imprisonment for each conviction, to run concurrently, and ordered to pay $104,029.49 in restitution. On appeal, he alleges that there was insufficient evidence of his intent to defraud—a necessary element for both offenses. *See United States v. Akinkoye*, 185 F.3d 192, 199-200 (4th Cir. 1999). For the reasons that follow, we affirm.

We must affirm a conviction challenged on the grounds of insufficient evidence if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Further, we do not review witness credibility on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Viewing the evidence as we must, we find that the jury could have found beyond a reasonable doubt that Clark knowingly committed fraud when he obtained credit cards based upon another person's name and social security number and used the cards to accumulate large losses for the credit companies involved. This evidence was sufficient to meet the fraudulent intent element of the crimes. *Akinkoye*, 185 F.3d at 199-200.

Accordingly, we affirm Clark's convictions. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*